■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES EURE, Appellant. [848 NYS2d 84]—

Judgment, Supreme Court, New York County (Roger S. Hayes, J., at hearing; Bruce Allen, J., at jury trial and sentence), rendered December 15, 2006, convicting defendant of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 12 years to life, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). The police officers lawfully stopped the livery cab in which defendant was a passenger after they saw it change lanes without signaling (*see People v Robin-*

son, 97 NY2d 341, 348-349 [2001]; *People v Rice*, 44 AD3d 247 [2007]). After turning on their lights and siren, the officers observed defendant shifting his body to his left, leading them to believe he might be concealing something. As they approached the car, they saw defendant turning to his left two more times. Given defendant's movements, the police possessed, at least, the necessary founded suspicion to inquire if defendant had any weapons or contraband in his possession (*see e.g. People v Joseph*, 38 AD3d 403 [2007], *lv denied* 9 NY3d 866 [2007]; *People v Crespo*, 292 AD2d 177 [2002], *lv denied* 98 NY2d 709 [2002]). When defendant answered that he possessed cocaine, the police properly searched him and found a small amount of cocaine. Once the officers discovered the drugs, they were justified in searching the back seat under the automobile exception, since there was reason to believe that defendant's bags contained additional drugs or a weapon, especially given defendant's prior furtive movements (*see People v Langen*, 60 NY2d 170 [1983], *cert denied* 465 US 1028 [1984]; *People v Belton*, 55 NY2d 49, 55 [1982]; *People v Faines*, 297 AD2d 590, 595 [2002], *lv denied* 99 NY2d 558 [2002]). Accordingly, the police lawfully obtained the pistol that they found in one of the bags.

Defendant's challenge to the sufficiency of the evidence establishing that he possessed the weapon is unpreserved (*see People v Gray*, 86 NY2d 10 [1995]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the evidence of possession was overwhelming. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). The driver of the livery cab testified that he had just checked his car on his break, finding no items left by any other passenger, and that defendant was his first and only customer after his break. He saw defendant enter the car carrying at least one bag, and the bags in the back seat were next to defendant when the police pulled the car over. Under these circumstances, the evidence clearly supported the conclusion that the bags belonged to defendant. We likewise reject defendant's claim that the verdict was against the weight of the evidence.

The jurisdiction of New York County was established by a preponderance of the evidence (*see People v Greenberg*, 89 NY2d 553, 555-556 [1997]). The court charged the jury that it could find jurisdiction if defendant either possessed the contraband in New York County, or within 500 yards of the county line (CPL 20.40 [4] [c]). Defendant clearly possessed the contraband in New York County, as the police had followed the car from Manhattan into Bronx County. Moreover, the officers measured

the distance from the county line to the area of defendant's arrest, and found it to be within 500 yards. Concur—Lippman, P.J., Mazzarelli, Saxe, Williams and Buckley, JJ.