■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN VARGAS, Appellant. [931 NYS2d 683]—

On July 16, 2008, at approximately 1:00 A.M., a police officer driving an unmarked vehicle with two partners received a radio report of an armed robbery committed by two suspects, described as a black male and a Hispanic male, who fled in a two-door, silver sedan. Approximately 10 minutes later and four blocks away from the scene of the robbery, the officer observed a vehicle matching the description in the report turn into a parking lot. The officer followed the vehicle, which was occupied by a driver and two passengers, and after the vehicle parked, the officer pulled behind it. He then observed the front-seat passenger reach down as the seat leaned forward, allowing the back-seat passenger, a Hispanic male later identified as the defendant, to exit the vehicle. The officer approached the passenger's side, stopped the defendant, and requested the front-seat passenger, a black male, to exit the vehicle. Once the female driver was also removed from the vehicle and the three occupants were secured, the officer reached under the front passenger seat and recovered a loaded pistol. The driver, the front-seat passenger, and the defendant were then arrested. Later at the precinct, the police recovered a bag containing certain property belonging to the robbery complainant from the vehicle.

At the suppression hearing, the People argued that the search of the vehicle was lawful under the automobile exception. The

hearing court agreed and denied that branch of the defendant's omnibus motion which was to suppress physical evidence. We reverse.

Pursuant to the automobile exception to the warrant requirement, a warrantless search of a vehicle is permitted when the police have probable cause to believe the vehicle contains contraband, a weapon, or evidence of a crime (*see California v Carney*, 471 US 386, 390-392 [1985]; *People v Yancy*, 86 NY2d 239, 245-246 [1995]; *People v Milerson*, 51 NY2d 919 [1980]). Here, the circumstances known to the police at the time of the search did not rise to the level of probable cause. Contrary to the People's contention, the front-seat passenger's actions in reaching down and allowing the defendant to exit the vehicle were innocuous, and did not provide probable cause for suspecting that the vehicle contained a gun (*see People v Torres*, 74 NY2d 224, 227 [1989]; *People v Snyder*, 178 AD2d 757, 758 [1991], *affd* 80 NY2d 815 [1992]; *People v Drayton*, 172 AD2d 849 [1991]).

Moreover, at the suppression hearing, the People did not rely on the theory that the police were entitled to perform a limited protective search based on a reasonable suspicion that "a weapon located within the vehicle present[ed] an actual and specific danger to their safety" (*People v Mundo*, 99 NY2d 55, 59 [2002], quoting *People v Carvey*, 89 NY2d 707, 712 [1997] [internal quotation marks omitted]), and the hearing court did not address that theory. Thus, the People may not assert this theory for the first time on appeal (*see People v Dodt*, 61 NY2d 408, 416 [1984]).

Accordingly, that branch of the defendant's omnibus motion which was to suppress physical evidence should have been granted. Contrary to the People's contention, the error in admitting the physical evidence was not harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230, 237 [1975]).

In light of our determination, the defendant's remaining contention need not be addressed. Angiolillo, J.P., Florio, Leventhal and Cohen, JJ., concur.