People v Thomas (2020 NY Slip Op 01939)





People v Thomas


2020 NY Slip Op 01939


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2015-06293
 (Ind. No. 3194/13)

[*1]The People of the State of New York, respondent,
v
Michael Thomas, appellant.


Paul Skip Laisure, New York, NY (Sean H. Murray of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Merri Turk Lasky, and John F. McGoldrick of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leslie Leach, J.), rendered June 23, 2015, convicting him of criminal possession of a weapon in the second degree, attempt to evade or defeat taxes on cigarettes, and unlawful possession of unstamped or unlawfully stamped cigarettes, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Kenneth C. Holder, J.), of that branch of the defendant's omnibus motion which was to suppress a gun recovered by the police. By decision and order of this Court dated December 26, 2018, the matter was remitted to the Supreme Court, Queens County, for a new determination of that branch of the defendant's omnibus motion which was to suppress a gun and thereafter a report to this Court advising of the new determination, and the appeal was held in abeyance in the interim (People v Thomas, 167 AD3d 1050). The Supreme Court, Queens County (Kenneth C. Holder, J.), has filed a report dated February 4, 2019.
ORDERED that the judgment is affirmed.
The defendant was charged, inter alia, with two counts of criminal possession of a weapon in the second degree, attempt to evade or defeat taxes on cigarettes, and unlawful possession of unstamped or unlawfully stamped cigarettes. In an omnibus motion, the defendant moved, inter alia, to suppress a gun and cigarettes that the police recovered from his vehicle.
At the suppression hearing, a police officer testified that he observed the defendant give a carton of cigarettes to an unidentified individual in exchange for money. The police officer and his partner approached the defendant, who was standing behind a minivan with the door to the minivan open. The police officers observed several duffel bags in the vehicle. One of the duffel bags was open and contained additional cigarette cartons. One of the officers opened the carton of cigarettes that had been exchanged. The packs of cigarettes in the carton had Georgia tax stamps and no New York tax stamps. The officers arrested the defendant. Since one of the police officers was going to drive the defendant's vehicle to the police station, for safety, that officer performed a quick check of the defendant's vehicle. He found a loaded gun in a closed drawer under the front passenger seat.
After a jury trial, the defendant was convicted of criminal possession of a weapon in [*2]the second degree, attempt to evade or defeat taxes on cigarettes, and unlawful possession of unstamped or unlawfully stamped cigarettes. On appeal, the defendant challenges, among other things, the denial of that branch of his omnibus motion which was to suppress the gun. However, the Supreme Court did not set forth the basis for its denial of that branch of the defendant's omnibus motion, and this Court was unable to determine the unarticulated predicate for the court's evidentiary ruling (see People v Nicholson, 26 NY3d 813, 817). Therefore, in order to avoid exceeding our statutory authority pursuant to CPL 470.15(1), we held the appeal in abeyance and remitted the matter to the Supreme Court, Queens County, for a new determination of that branch of the defendant's omnibus motion which was to suppress the gun. The Supreme Court has filed a report dated February 4, 2019.
We agree with the Supreme Court's determination that the warrantless search of the defendant's vehicle was permissible under the automobile exception. "Pursuant to the automobile exception to the warrant requirement, a warrantless search of a vehicle is permitted when the police have probable cause to believe the vehicle contains contraband, a weapon, or evidence of a crime" (People v Vargas, 89 AD3d 771, 772; see People v Blasich, 73 NY2d 673, 678-679). Here, the police had probable cause to believe that the defendant's vehicle, including the closed drawer under the front passenger seat, contained contraband, a weapon, or evidence of a crime, because the arresting officers witnessed the defendant selling cigarettes bearing Georgia tax stamps (see People v DiMatteo, 62 AD3d 418, 419; People v Quagliata, 53 AD3d 670, 671-672; People v Eure, 46 AD3d 386, 387; People v Collado, 304 AD2d 836, 837).
Contrary to the defendant's contention, he failed to establish that he received the ineffective assistance of counsel at the suppression hearing (see US Const Amend VI; NY Const, art I, § 6; Strickland v Washington, 466 US 668, 687; People v Benevento, 91 NY2d 708, 713; People v Baldi, 54 NY2d 137, 147).
The defendant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence with respect to the convictions of attempt to evade or defeat taxes on cigarettes and unlawful possession of unstamped or unlawfully stamped cigarettes (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), which included evidence that the officers recovered from the defendant's minivan 273 cartons of cigarettes, each containing 10 packs of 20 cigarettes, we find that it was legally sufficient to establish the defendant's guilt of those counts beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (see CPL 470.15[5]), we are satisfied that the verdict of guilt on those counts was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348; People v Romero, 7 NY3d 633).
MASTRO, J.P., LEVENTHAL, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court