People v Babadzhanov (2022 NY Slip Op 02273)

People v Babadzhanov

2022 NY Slip Op 02273

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2018-05119
 (Ind. No. 1962/16)

[*1]The People of the State of New York, respondent,
v
Artur Babadzhanov, appellant.

Patricia Pazner, New York, NY (Paris C. DeYoung of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Candi Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John B. Latella, J.), rendered March 28, 2018, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Steven W. Paynter, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
After observing the defendant pull his car away from the curb without signaling, Police Officer Jack Dagnese and his partner followed the defendant's car for approximately one block and then signaled the defendant to pull over. The defendant did not pull over right away, but made a left turn into a gas station. Officer Dagnese approached the vehicle, but the defendant did not roll down the window. Officer Dagnese shook the car and, "[a] moment later," the defendant opened the window, at which point the officer detected a "strong odor of raw [m]ari[h]uana." Officer Dagnese asked the defendant whether there was marihuana in the car. The defendant told him there was, opened the center console, and pointed at the open console. Officer Dagnese recovered two bags of marihuana from the console, as well as more than $1,000 cash from the defendant's person. After Officer Dagnese removed the marihuana from the car, the smell of marihuana persisted. Officer Dagnese searched the interior of the car as well as the trunk, and recovered a loaded firearm from the trunk.
The defendant was thereafter charged, among other things, with criminal possession of a weapon in the second degree (two counts). In an omnibus motion, the defendant moved, inter alia, to suppress the physical evidence. The Supreme Court denied that branch of the motion, and the defendant pleaded guilty to criminal possession of a weapon in the second degree and was subsequently sentenced. The defendant appeals from the judgment.
The hearing court properly determined that the warrantless search of the defendant's vehicle was permissible under the automobile exception. "'Pursuant to the automobile exception to the warrant requirement, a warrantless search of a vehicle is permitted when the police have probable cause to believe the vehicle contains contraband, a weapon, or evidence of a crime'" [*2](People v Thomas, 181 AD3d 831, 833, quoting People v Vargas, 89 AD3d 771, 772; see People v Blasich, 73 NY2d 673, 678-679). "'[I]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search'" (People v Ellis, 62 NY2d 393, 398, quoting United States v Ross, 456 US 798, 825; see People v Mosquito, 197 AD3d 504).
Here, unlike the cases relied upon by the defendant (see People v Ponder, 195 AD3d 123; People v Garcia, 175 AD3d 1319, 1321; People v Romeo, 15 AD3d 420), under all of the circumstances testified to at the suppression hearing, Officer Dagnese had probable cause to believe that the defendant's vehicle, including the trunk, contained contraband, and thus, contrary to the defendant's contention, the search was lawful (see People v Blasich, 73 NY2d 673; People v Langen, 60 NY2d 170; People v Mosquito, 197 AD3d 504; People v Thomas, 181 AD3d at 833; People v Hughes, 68 AD3d 894, 895; People v Henderson, 57 AD3d 562, 564).
The defendant further relies upon the enactment of the Marihuana Regulation and Tax Act (hereinafter the MRTA), which became effective during the pendency of this appeal (see L 2021, ch 92). The MRTA amended the Penal Law, inter alia, by adding a new article 222, which, among other things, legalized the possession by persons 21 years of age or older, of a specified amount of cannabis (Penal Law § 222.05[1], as added by L 2021, ch 92, § 16). It further provided that "no finding or determination of reasonable cause to believe a crime has been committed" can be based "solely on evidence" of "the odor of cannabis" or, with limited exception, "the odor of burnt cannabis"; the possession of cannabis in an authorized amount; or "the presence of cash or currency in proximity to cannabis" (Penal Law § 222.05[3][a], [b], [c], [e]). The defendant argues that this new statutory provision should be applied retroactively to conclude that Officer Dagnese's detection of the odor of marihuana in the defendant's car and his recovery of marihuana and cash did not justify the further search of the vehicle during which the weapon was found.
Generally, where a newly enacted statutory provision would, among other things, "'impose new duties with respect to transactions already completed,'" there is a presumption against its retroactive application to past conduct, which can only be overcome by a finding of legislative intent that the statute be applied retroactively (Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 365, 370-371, quoting Landgraf v USI Film Products, 511 US 244, 280; see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583-585).
We discern no expression of legislative intent to apply the new Penal Law § 222.05(3) retroactively so as to invalidate a search that, when conducted, was lawfully supported by probable cause to believe that a substance then contraband in any amount would be found in the car. The legislative history of the MRTA provides that "[t]he intent of [the] act is to regulate, control and tax cannabis" (NY Comm Rep, 2021 NY Senate Bill 854). It also recognized that "New York's marihuana policies," which have "thrust thousands of New Yorkers"—disproportionately "[b]lack and [b]rown New Yorkers"—into the criminal justice system for nonviolent offenses, were "broken, unjust, and outdated" (id.). As part of the MRTA, the Legislature enacted certain statutes and amendments that afford retroactive relief by providing for the vacatur or reduction of convictions of former marihuana offenses and the sealing of records related thereto (see CPL 440.46-a, 160.50[3][k]; [5]). Nevertheless, the Legislature did not include any provision for retroactive application of Penal Law § 220.05(3) so as to invalidate searches then lawful, which may have resulted in violent felony convictions that are not marihuana-related, as was the case here. Since nothing in the MRTA or its legislative history evinces a clear intent that this section be so applied, the presumption of prospective application has not been overcome (see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d at 589).
Accordingly, we affirm the judgment.
IANNACCI, J.P., MILLER, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court