Matter of Shermel M. (2022 NY Slip Op 04302)

Matter of Shermel M.

2022 NY Slip Op 04302

Decided on July 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
SHERI S. ROMAN
JOSEPH J. MALTESE, JJ.

2021-03752
 (Docket No. D-14059-19)

[*1]In the Matter of Shermel M. (Anonymous), appellant.

Justine Luongo, Attorney-in-Charge of the Criminal Defense Practice, New York, NY (John A. Newbery of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Scott Shorr and Deborah E. Wassel of counsel), for respondent.

DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Shermel M. appeals from an order of disposition of the Family Court, Queens County (Dean T. Kusakabe, J.), dated April 9, 2021. The order of disposition, upon an order of fact-finding of the same court dated February 11, 2021, made upon the admission of Shermel M., finding that he committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a firearm, adjudicated him a juvenile delinquent and placed him on probation for a period of 12 months. The appeal brings up for review the denial, after a hearing, of that branch of Shermel M.'s omnibus motion which was to suppress physical evidence.
ORDERED that the appeal from so much of the order of disposition as placed Shermel M. on probation for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of probation has expired (see Matter of Connor C., 188 AD3d 1040, 1040-1041); and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
According to testimony elicited at a suppression hearing, on July 8, 2019, a police officer and his partner were on patrol in an unmarked police vehicle in the 113rd precinct. The officers were canvassing the precinct in an effort to locate a vehicle that had been reported stolen. During their canvas, the officers located the vehicle, which was parked on a street corner and unoccupied. The officers then surveilled the stolen vehicle by positioning their own vehicle approximately halfway up the block and facing in the direction of the stolen vehicle.
After observing the stolen vehicle for approximately 45 minutes, one of the officers noticed the vehicle's headlights turn on, as if someone had unlocked the vehicle with a key fob. The lights remained illuminated for approximately two to three minutes, and then turned off. No one entered the vehicle at this time. Approximately 10 to 15 minutes later, the officer again observed [*2]the headlights flash on. Within seconds, the officer observed the appellant run to the vehicle and get into the driver's seat. Before the appellant entered the vehicle, the officer observed the appellant carrying a gray fanny pack on the front of his body.
The officers approached the stolen vehicle and arrested the appellant. After the appellant's arrest, one of the officers searched the appellant's person for the keys or key fob to the stolen vehicle by patting the appellant's pockets; however, the officer was unable to locate any keys or a key fob. The officer then searched the front area of the vehicle. Upon inspection of the ignition and the center console, again the officer was unable to locate any keys or a key fob. The officer then observed the fanny pack previously worn by the appellant, which was now located in the front passenger seat area. The officer opened the fanny pack and discovered a .32 caliber revolver, which was loaded with four rounds of ammunition.
Following the suppression hearing, the Family Court denied that branch of the appellant's omnibus motion which was to suppress physical evidence. The appellant then admitted to committing an act which, if committed by an adult, would have constituted the crime of criminal possession of a firearm. The court thereupon adjudicated the appellant a juvenile delinquent and placed him on probation for a period of 12 months.
The Family Court properly denied that branch of the appellant's omnibus motion which was to suppress physical evidence. The appellant had no legitimate expectation of privacy in the vehicle, which was owned by and had been stolen from another individual (see People v Hawkins, 262 AD2d 423; People v Brown, 244 AD2d 348, 348; People v Strunkey, 202 AD2d 610, 611-612), or in the contents of the vehicle (see People v McCloud, 81 AD2d 645).
In any event, the search was permissible under the automobile exception. "'Pursuant to the automobile exception to the warrant requirement, a warrantless search of a vehicle is permitted when the police have probable cause to believe the vehicle contains contraband, a weapon, or evidence of a crime'" (People v Thomas, 181 AD3d 831, 833, quoting People v Vargas, 89 AD3d 771, 772). Here, one of the officers observed the vehicle's lights flash on immediately before observing the appellant get into the driver's seat of the vehicle. Therefore, the officer had probable cause to believe that the vehicle, including the appellant's fanny pack located within the vehicle, contained evidence of a crime, i.e., the keys or key fob to the vehicle (see People v Thomas, 181 AD3d 831, 833; People v Washington, 108 AD3d 578, 579).
DILLON, J.P., CONNOLLY, ROMAN and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court