People v Rodriguez (2022 NY Slip Op 07080)

People v Rodriguez

2022 NY Slip Op 07080

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-01036
 (Ind. No. 1970/18)

[*1]The People of the State of New York, respondent,
v
Brandon Rodriguez, appellant.

Patricia Pazner, New York, NY (Caitlyn Carpenter of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Danielle O'Boyle of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry Kron, J.), rendered January 14, 2020, convicting him of criminal possession of a weapon in the second degree (two counts), criminal possession of a controlled substance in the seventh degree (two counts), and criminal possession of marihuana in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Barry A. Schwartz, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
ORDERED that the appeal from so much of the judgment as convicted the defendant of criminal possession of marihuana in the fourth degree is dismissed as academic; and it is further,
ORDERED that the judgment is modified, on the law, by vacating the conviction of criminal possession of a controlled substance in the seventh degree under count three of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed insofar as reviewed, and that branch of the defendant's omnibus motion which was to suppress physical evidence consisting of a ziploc bag of pills is granted.
The defendant's conviction arose from a traffic stop that occurred in Queens on March 27, 2018. At the suppression hearing conducted in this matter, Detective Alex Cruz testified that he and Police Officer Louis Soto pulled over the defendant's vehicle after Cruz observed the defendant make a turn at a stop sign without coming to a full stop or signaling. The officers both testified that, upon approaching the vehicle, they smelled marihuana. Cruz looked through the window of the vehicle and saw crumbs of marihuana on the defendant's shirt. According to Cruz, he asked the defendant about the marihuana he observed, and the defendant stated that "he had been smoking a little bit." At the suppression hearing, the defendant denied telling Cruz that he had smoked marihuana. Cruz testified that, while looking into the vehicle, he observed a ziploc bag containing pills in a pocket on the driver's side door. Cruz picked up the bag to look at it more closely, but upon doing so, he still did not know what the pills were. According to Cruz, he asked the defendant what the pills were, and, after Cruz "kept talking to him," the defendant eventually told him that the pills were Klonopin, a controlled substance also known by the generic name [*2]clonazepam. At the hearing, the defendant denied making such a statement. After directing the defendant to get out of the vehicle, Cruz asked the defendant if there was anything else in the vehicle, and the defendant responded that there might be a gun in his jacket located on the back seat. Cruz recovered a gun, as well as marihuana and methamphetamine, from the back seat, and the defendant was placed under arrest. Subsequently, at the police station, the defendant admitted that the gun recovered from the vehicle was his and that he had no license for it.
The defendant was charged with two counts of criminal possession of a weapon in the second degree, two counts of criminal possession of a controlled substance in the seventh degree, and one count of criminal possession of marihuana in the fourth degree. The defendant filed an omnibus motion in which he sought, inter alia, suppression of the physical evidence recovered from the vehicle and the statements that he made to law enforcement officials. After the suppression hearing, the Supreme Court granted that branch of the defendant's motion which was to suppress the statement that there might be a gun in the vehicle which he made to Cruz after exiting the vehicle, but denied the other branches of the defendant's suppression motion. Thereafter, the defendant entered a plea of guilty to all charges. On appeal, the defendant contends that the court should have granted his suppression motion in its entirety.
The defendant's conviction of criminal possession of marihuana in the fourth degree became a nullity by operation of law, independently of any appeal, and without requiring any action by this Court (see CPL 160.50[5]; People v Biggs, 208 AD3d 1340, 1346; People v Hay, 207 AD3d 748, 749. Consequently, the appeal from so much of the judgment as convicted the defendant of criminal possession of marihuana in the fourth degree must be dismissed as academic (see People v Biggs, 208 AD3d at 1346; People v Hay, 207 AD3d 748, 749).
A hearing court's credibility determinations are accorded great weight on appeal, as that court has the ability to see and hear the witnesses before it (see People v Biggs, 208 AD3d at 1343; People v Harris, 192 AD3d 151, 162; People v Fletcher, 130 AD3d 1063, 1064, affd 27 NY3d 1177). Here, upon consideration of all relevant facts and circumstances, the testimony of Cruz and Soto at the suppression hearing was not incredible or patently tailored to meet constitutional objections, and, in exercising our factual review power, we find that the Supreme Court properly credited their testimony (see People v Faulk, 185 AD3d 953, 955; People v Moore, 166 AD3d 654).
The Supreme Court properly determined that the warrantless search of the defendant's vehicle was permissible under the automobile exception. "'Pursuant to the automobile exception to the warrant requirement, a warrantless search of a vehicle is permitted when the police have probable cause to believe the vehicle contains contraband, a weapon, or evidence of a crime'" (People v Thomas, 181 AD3d 831, 833, quoting People v Vargas, 89 AD3d 771, 772; see People v Blasich, 73 NY2d 673, 678-679; People v Belton, 55 NY2d 49, 53-55). "'[I]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search'" (People v Ellis, 62 NY2d 393, 398, quoting United States v Ross, 456 US 798, 825; see People v Mosquito, 197 AD3d 504).
Given the testimony of Cruz and Soto that they smelled marihuana emanating from the defendant's vehicle and Cruz's testimony that he observed marihuana in the vehicle, the officers had probable cause to search the passenger compartment of the vehicle for the presence of marihuana (see People v Williams, 208 AD3d 899, 901; People v Singletary, 156 AD3d 731; People v McCaw, 137 AD3d 813, 815). Thus, the officers "could properly search the entire [vehicle]" (People v Langen, 60 NY2d 170, 181), and "the search of the vehicle could lawfully include any closed containers found therein in which there was probable cause to believe that marihuana may be found" (People v Mosquito, 197 AD3d at 508 [alterations and internal quotation marks omitted]; see United States v Ross, 456 US at 824; People v Ellis, 62 NY2d at 398). Accordingly, Cruz lawfully recovered the gun from the pocket of the jacket located in the back seat of the vehicle and lawfully recovered the methamphetamine from the back seat as well (see People v Mosquito, 197 AD3d at 508; People v DiMatteo, 62 AD3d 418, 419; People v Bonilla, 199 AD2d 519, 520).
Although Penal Law § 222.05(3), which became effective on March 31, 2021, states [*3]that in "any criminal proceeding," including suppression hearings, no finding of probable cause shall be based solely on evidence of the odor of cannabis, that statute does not apply retroactively (see People v Babadzhanov, 204 AD3d 685, 686-687; see also People v Pastrana, 205 AD3d 461, 463, lv granted 38 NY3d 1135), and, therefore, does not affect the Supreme Court's determination in this case that probable cause to search the vehicle existed based on the odor of marihuana detected by Cruz and Soto when they approached the defendant's vehicle in March 2018.
The Supreme Court erred, however, in finding that the ziploc bag containing the pills was lawfully seized. At the conclusion of the suppression hearing, the prosecutor did not argue that the pills were seized in the course of a search of the vehicle pursuant to the automobile exception to the warrant requirement (see People v Belton, 55 NY2d at 53-55). Rather, he argued that Cruz, prior to conducting any search of the vehicle, saw the bag of pills in the door pocket and retrieved them, and those pills, together with the odor of marihuana, the defendant's admission that he had been smoking marihuana, and the crumbs of marihuana on the defendant's shirt provided the officers with the necessary probable cause to search the vehicle and containers within it pursuant to the automobile exception. The prosecutor, however, never explained how the pills came to be lawfully in Cruz's possession. The only justification for Cruz's seizure of the bag of pills was suggested in the written decision denying the suppression motion, where the court mentioned that Cruz "observed in plain view a bag of pills in defendant's driver's side door panel."
"Under the plain view doctrine, if the sight of an object gives the police probable cause to believe that it is the instrumentality of a crime, the object may be seized without a warrant if three conditions are met: (1) the police are lawfully in the position from which the object is viewed; (2) the police have lawful access to the object; and (3) the object's incriminating nature is immediately apparent" (People v Mosquito, 197 AD3d at 509 [internal quotation marks omitted]). "The plain view doctrine, it must be emphasized, establishes an exception to the requirement of a warrant not to search for an item, but to seize it" (People v Diaz, 81 NY2d 106, 110). "[T]he fundamental justification for the plain view doctrine is that when the police are already lawfully in a position to make the observation, the discovery and seizure of contraband in plain view involve no intrusion on the individual's constitutional rights beyond that already authorized by the warrant or some exception to the warrant requirement" (id. at 111).
The plain view doctrine is not applicable where the object must be moved or manipulated before its illegality can be determined (see Arizona v Hicks, 480 US 321, 328; see also Minnesota v Dickerson, 508 US 366, 378-379; People v Diaz, 81 NY2d at 110-112). The movement or manipulation of an object from its original state in a manner that goes beyond the objectives of the original search constitutes an independent search or seizure (see Arizona v Hicks, 480 US at 324-325, 328; see also Minnesota v Dickerson, 508 US at 379). Such a search or seizure may not be upheld without proof that the officer who moved or manipulated the object had probable cause to believe that the object was evidence or contraband at the time that it was moved or manipulated (see Arizona v Hicks, 480 US at 326, 328; People v Mosquito, 197 AD3d at 509).
Here, Cruz testified that he did not know what the pills in the ziploc bag were when he seized them. Indeed, during his argument at the conclusion of the suppression hearing, the prosecutor, seeking to establish that the defendant was not yet in custody when he was subjected to questioning by Cruz, pointed out that the defendant "had been detained for some crumbs on his shirt and a bag that was in his car which, it's white pills. It's in a [z]iploc bag. They can't really test it on site. They don't know what it is." Based on this record, the People failed to demonstrate that the incriminating nature of the pills was immediately apparent and that Cruz had probable cause to associate the pills with criminal activity at the time he moved or manipulated the ziploc bag containing the pills (see People v Mosquito, 197 AD3d at 512; People v Richie, 77 AD2d 667, 668; People v Haas, 55 AD2d 683).
Even if the bag of pills had been discovered later, during the search of the vehicle, the automobile exception would not have supplied a basis for seizing the pills. Like a search conducted pursuant to a warrant, a search permitted under the automobile exception is limited in its scope to places in which "the object of the search" may be concealed (United States v Ross, 456 US [*4]at 825; see People v Ellis, 62 NY2d at 398; People v Mosquito, 197 AD3d 504). In this case, probable cause to search the defendant's vehicle was based on the odor of marihuana emanating from the defendant's vehicle and Cruz's observation of crumbs of marihuana on the defendant's shirt, and, thus, the officers were authorized to search the areas of the vehicle and any containers therein "in which there was probable cause to believe that marihuana may be found" (People v Mosquito, 197 AD3d at 508 [alterations and internal quotation marks omitted]; see United States v Ross, 456 US at 824; People v Ellis, 62 NY2d at 398). Since it was obvious that the transparent ziploc bag seized by Cruz did not contain marihuana, and since it was not immediately apparent that the ziploc bag contained any other type of contraband, there was no justification for seizing the bag (see People v Mosquito, 197 AD3d at 507-512).
Thus, the People failed to sustain their burden of demonstrating that the ziploc bag containing what later proved to be Klonopin pills was lawfully seized, either before or during the police officers' warrantless search of the defendant's vehicle. As a result, that branch of the defendant's omnibus motion which was to suppress physical evidence, with respect to the ziploc bag of pills recovered from his vehicle, should have been granted. Accordingly, we vacate the conviction of criminal possession of a controlled substance in the seventh degree under count three of the indictment, which relates to the Klonopin pills, vacate the sentence imposed thereon, and dismiss that count of the indictment.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
In light of our determination, we need not reach the defendant's remaining contention.
DUFFY, J.P., CONNOLLY, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court