People v Crum (2023 NY Slip Op 04213)

People v Crum

2023 NY Slip Op 04213

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2022-02500
 (Ind. No. 270/21)

[*1]The People of the State of New York, appellant,
v
Shimel Crum, respondent, et al., defendant.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Eric C. Washer of counsel), for appellant.

DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Queens County (Karen Gopee, J.), dated April 14, 2022. The order, insofar as appealed from, upon reargument, adhered to the original determination in an order of the same court dated February 18, 2022, granting, after a hearing, that branch of the defendant's omnibus motion which was to suppress physical evidence. The notice of appeal from the order dated February 18, 2022, is deemed a premature notice of appeal from the order dated April 14, 2022 (see CPL 460.10[6]).
ORDERED that the order dated April 14, 2022, is reversed insofar as appealed from, on the law, and, upon reargument, so much of the original determination in the order dated February 18, 2022, as granted that branch of the defendant's omnibus motion which was to suppress physical evidence is vacated, that branch of the defendant's omnibus motion which was to suppress physical evidence is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.
The defendant Shimel Crum (hereinafter the defendant) was indicted for criminal possession of a weapon in the second degree, among other crimes, and moved, inter alia, to suppress certain physical evidence. At a suppression hearing, a police officer testified that he effected a vehicle stop of the defendant's vehicle after observing that it had excessively tinted windows. The officer further testified that, during the vehicle stop, he detected the smell of marijuana emanating from the vehicle and observed a bag of marijuana. The defendant confirmed that the bag contained marijuana. The officer also observed the defendant attempt to push a bag under the driver's seat with his foot. After directing the defendant to exit the vehicle and proceed to the rear of the vehicle, the officer opened the bag and observed a firearm. Following the suppression hearing, in an order dated [*2]February 18, 2022, the Supreme Court determined that the People failed to meet their burden of establishing that the officer had probable cause to search the bag, and granted that branch of the defendant's omnibus motion which was to suppress the bag and its contents. The People subsequently moved for leave to reargue. By order dated April 14, 2022, the court granted reargument and, upon reargument, adhered to its original determination. The People appeal.
"On a motion to suppress physical evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance" (People v Hernandez, 40 AD3d 777, 778; see People v Tyler, 215 AD3d 884, 885). "Pursuant to the automobile exception to the warrant requirement, a warrantless search of a vehicle is permitted when the police have probable cause to believe the vehicle contains contraband, a weapon, or evidence of a crime" (People v Vargas, 89 AD3d 771, 772; see People v Blasich, 73 NY2d 673, 678-679; People v Babadzhanov, 204 AD3d 685, 686). "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search" (United States v Ross, 456 US 798, 825; see People v Ellis, 62 NY2d 393, 398; People v Babadzhanov, 204 AD3d at 686).
Here, the People met their burden of establishing the legality of the officer's search. The officer had probable cause to search the defendant's vehicle because, upon making a valid traffic stop, the officer smelled what he identified, with the aid of experience and training, as an odor of marijuana emanating from inside the vehicle (see People v Rodriguez, 211 AD3d 854, 857; People v Williams, 208 AD3d 899, 901; People v Babadzhanov, 204 AD3d at 686; People v Mosquito, 197 AD3d 504, 507-508). The "search of the vehicle could lawfully include any closed containers found therein in which there was probable cause to believe that the marihuana may be found" (People v Mosquito, 197 AD3d at 508 [alterations and internal quotation marks omitted]; see People v Rodriguez, 211 AD3d at 856-857). Accordingly, the officer lawfully recovered the firearm located in the bag that the defendant attempted to push under the driver's seat (see People v Rodriguez, 211 AD3d at 856-857; People v Mosquito, 197 AD3d at 508). Since the People established at the hearing that the search of the vehicle was valid, the Supreme Court should have denied that branch of the defendant's omnibus motion which was to suppress the bag and its contents that were recovered during that search.
CONNOLLY, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court