People v Wilson (2023 NY Slip Op 06759)

People v Wilson

2023 NY Slip Op 06759

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2019-08488
 (Ind. No. 969/17)

[*1]The People of the State of New York, respondent,
v
David R. Wilson, appellant.

Patricia Pazner, New York, NY (Ryan Miller of counsel), for appellant.
Melinda Katz, District Attorney, Queens, NY (Johnnette Traill, Ellen C. Abbot, and Christine Thambuswamy of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry A. Schwartz, J.), rendered June 24, 2019, convicting him of criminal possession of a weapon in the second degree, unlawful possession of pistol ammunition, criminal possession of marihuana in the fourth degree, operating a motor vehicle without proper license plates, operating a motor vehicle with an obstructed windshield, and operating a motor vehicle without a license, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Steven W. Paynter, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the appeal from so much of the judgment as convicted the defendant of criminal possession of marihuana in the fourth degree is dismissed as academic; and it is further,
ORDERED that the judgment is affirmed insofar as reviewed.
The defendant's convictions arose out of a traffic stop in Queens. At a suppression hearing, a police officer testified that he pulled over a vehicle operated by the defendant because its rear out-of-state license plate was obstructed. Upon learning that the defendant's driver license was suspended, the officer arrested the defendant and conducted a pat-down search, recovering numerous glassine envelopes containing marihuana from his jacket. The officer then impounded the defendant's vehicle. While conducting an inventory search of the vehicle at the precinct station house, the officer recovered, among other things, a 9 millimeter handgun, numerous rounds of corresponding ammunition, .45 caliber ammunition, and more marijuana.
After he was indicted, the defendant moved, inter alia, to suppress the physical evidence recovered from the vehicle. Following a hearing, the Supreme Court denied that branch of the defendant's omnibus motion. Prior to trial, the Supreme Court conducted a Sandoval hearing (see People v Sandoval, 34 NY2d 371), and permitted the People to question the defendant, if he testified at trial, about the facts underlying multiple prior drug-related convictions, while allowing but limiting the People's ability to question him about a prior gun-related conviction. Following a jury trial, the defendant was convicted of criminal possession of a weapon in the second degree, unlawful possession of pistol ammunition, criminal possession of marihuana in the fourth degree, [*2]operating a motor vehicle without proper license plates, operating a motor vehicle with an obstructed windshield, and operating a motor vehicle without a license. The defendant appeals.
The defendant's conviction of criminal possession of marihuana in the fourth degree became a nullity by operation of law, independently of any appeal, and without requiring any action by this Court (see CPL 160.50[5]; People v Rodriguez, 211 AD3d 854, 855). Consequently, the appeal from so much of the judgment as convicted the defendant of criminal possession of marijuana in the fourth degree must be dismissed as academic (see People v Rodriguez, 211 AD3d at 855).
Contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress physical evidence. "On a motion to suppress physical evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance. Once the People have met their initial burden, the defendant bears the ultimate burden of proving the illegality of the search and seizure" (People v Hill, 219 AD3d 953, 954 [internal quotation marks omitted]). "When the driver of a vehicle is arrested, the police may impound the car, and conduct an inventory search, where they act pursuant to 'reasonable police regulations relating to inventory procedures administered in good faith'" (People v Walker, 20 NY3d 122, 125, quoting Colorado v Bertine, 479 US 367, 374; see People v Noble, 211 AD3d 970, 971). "An inventory search procedure must be designed to meet three specific objectives: to protect the property of the defendant, to protect the police against any claim of lost property, and to protect police personnel and others from any dangerous instruments" (People v Douglas, ____ NY3d ____, ____, 2023 NY Slip Op 05350, *2 [internal quotation marks omitted]). "It is the People's burden to establish the validity of the protocol itself-specifically, that the procedure meets those three objectives and sufficiently limits the discretion of searching officers. The People must also demonstrate that [the searching officer] conducted th[e] search properly and in compliance with established procedures" (People v Douglas, ____ NY3d at ____, 2023 NY Slip Op 05350, at *2 [citation omitted]). "In other words, there must be evidence of the policy as to inventory searches and that the particular inventory search at issue complied with that policy, and the court must evaluate the adequacy of the policy itself, to ensure that it furthers the proper goals of and limits on inventory searches" (People v Bacquie, 154 AD3d 648, 650).
Here, the People met their burden of demonstrating the validity of the inventory search of the vehicle the defendant was driving (see People v Padilla, 21 NY3d 268, 272; People v Rowe, 189 AD3d 894, 896). As the Court of Appeals recently determined, the protocol in question, "set forth in section 218-13 of the NYPD Patrol Guide," "meets the constitutional minimum" (People v Douglas, ___ NY3d at ___, 2023 NY Slip Op 05350, *1-2 [internal quotation marks omitted]). Contrary to the defendant's contention, the People established that "the inventory search was conducted pursuant to a police procedure which was rationally designed to meet the objectives justifying such a search and which effectively limited the searching officer's discretion so as to assure that the police were not merely rummaging for incriminating evidence" (People v Meyers, 80 AD3d 715, 716; see People v Banton, 28 AD3d 571, 572; cf. People v Russell, 13 AD3d 655, 657). The evidence demonstrated that the officer properly conducted the search pursuant to established police procedures, including by preparing a meaningful inventory list recording the property contained in the vehicle (see People v Hill, 219 AD3d at 955; People v Noble, 211 AD3d at 972; cf. People v Rivera, 192 AD3d 920, 921).
Contrary to the defendant's assertion, the Sandoval compromise adopted by the Supreme Court was not improper (see People v Ragland, 136 AD3d 845, 845; People v Townsend, 70 AD3d 982, 982; People v Jamison, 303 AD2d 603, 603).
The defendant's contention that Penal Law § 265.03 is unconstitutional in light of the decision of the United States Supreme Court in New York State Rifle & Pistol Assn., Inc. v Bruen (____ US ____, 142 S Ct 2111), is unpreserved for appellate review, since he failed to raise a constitutional challenge before the Supreme Court (see People v Cabrera, ____ NY3d ____, ____, 2023 NY Slip Op 05968, *3-8; People v Manners, 217 AD3d 683, 685-686; People v McWilliams, 214 AD3d 1328, 1328-1330). In any event, the defendant's assertion is without merit. The Bruen decision "had no impact on the constitutionality of New York State's criminal possession of a [*3]weapon statutes" (People v Manners, 217 AD3d at 686; see People v Garcia, ____ NY3d ____, ____, 2023 NY Slip Op 05969, *8-9 [Rivera, J., dissenting]; People v Joyce, 219 AD3d 627, 628; People v Bryant, 219 AD3d 622, 624).
Finally, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., CHAMBERS, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court