People v Chase (2024 NY Slip Op 00431)

People v Chase

2024 NY Slip Op 00431

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2022-03805
 (Ind. No. 1022/20)

[*1]The People of the State of New York, respondent,
v
Shawn Chase, appellant.

Patricia Pazner, New York, NY (Victoria L. Benton of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Darci Siegel on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rhonda Tomlinson, J.), rendered April 29, 2022, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's conviction arose out of a physical altercation in Brooklyn. The defendant brought a loaded pistol to the scene of the altercation, but, after the complainant sprayed the defendant with pepper spray, he fled and left the pistol behind. Following his indictment by a Kings County grand jury on multiple counts, the defendant, pursuant to a plea agreement, entered a plea of guilty to one count of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03[3]) in full satisfaction of the indictment. Consistent with the terms of the plea agreement, the Supreme Court thereafter sentenced the defendant to a definite term of incarceration of one year and issued final orders of protection in favor of three individuals involved in the subject altercation. The defendant appeals.
The defendant's contention that Penal Law §§ 265.03(3) and 265.01-b(1) and 265.01(1) are unconstitutional in light of the decision of the United States Supreme Court in New York State Rifle & Pistol Assn., Inc. v Bruen ( _____ US_____ , 142 S Ct 2111) is unpreserved for appellate review, since he failed to raise a constitutional challenge before the Supreme Court (see People v Cabrera, _____ NY3d _____, _____, 2023 NY Slip Op 05968, *3-8; People v Wilson, _____ AD3d _____, 2023 NY Slip Op 06759 [2d Dept]; People v Manners, 217 AD3d 683, 685-686). In any event, the defendant's contention is without merit. The Bruen decision "had no impact on the constitutionality of New York State's criminal possession of a weapon statutes" (People v Manners, 217 AD3d at 686; see People v Garcia, _____ NY3d _____, _____, 2023 NY Slip Op 05969, *8-9 [Rivera, J., dissenting]; People v Wilson, _____ AD3d _____, 2023 NY Slip Op 06759 [2d Dept]; People v Joyce, 219 AD3d 627, 628).
Moreover, "the defendant's contention regarding the propriety of the issuance of [two of the three] order[s] of protection, which he agreed to as part of his negotiated plea, is unpreserved for appellate review, and we decline to reach it in the exercise of our interest of justice jurisdiction" [*2](People v Seeley, 162 AD3d 799, 799).
In light of our determination, we need not reach the defendant's remaining contentions.
CONNOLLY, J.P., CHAMBERS, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court