People v Goodluck (2025 NY Slip Op 03343)

People v Goodluck

2025 NY Slip Op 03343

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2018-09856
2023-02055
 (Ind. No. 8465/16)

[*1]The People of the State of New York, respondent,
v
Avery Goodluck, appellant.

Patricia Pazner, New York, NY (Cynthia Colt of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Julian Joiris, and Sawyer White of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant (1) from a judgment of the Supreme Court, Kings County (John T. Hecht, J.), rendered July 9, 2018, convicting him of criminal possession of a forged instrument in the second degree (two counts), upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court dated February 7, 2023, which, without a hearing, denied the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction rendered July 9, 2018.
ORDERED that the order is reversed, on the law and the facts, the defendant's motion pursuant to CPL 440.10 to vacate the judgment is granted, the judgment is vacated, and the matter is remitted to the Supreme Court, Kings County, for a new trial; and it is further,
ORDERED that the appeal from the judgment is dismissed as academic in light of our determination on the appeal from the order.
The defendant was convicted, upon a jury verdict, of two counts of criminal possession of a forged instrument in the second degree (Penal Law § 170.25) following the seizure of credit cards during the execution of a search warrant authorizing a search for firearms, ammunition, and related documents. Subsequently, the defendant moved pursuant to CPL 440.10(1)(h) to vacate the judgment of conviction on the ground of ineffective assistance of counsel. In an order dated February 7, 2023, the Supreme Court denied the defendant's motion without a hearing. This Court granted the defendant leave to appeal from the order and consolidated the appeal from the order with the defendant's direct appeal from the judgment of conviction.
A criminal defendant has a constitutional right to the effective assistance of counsel (see NY Const, art I, § 6; US Const 6th Amend). In evaluating a claim of ineffective assistance of counsel under the New York standard, "a court must examine whether 'the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation'" (People v Oliveras, 21 NY3d 339, 346, quoting People v Baldi, 54 NY2d 137, 147; see People v Wright, 25 NY3d 769, 779). Moreover, "[a] single error may qualify as ineffective assistance, but only when the error is sufficiently [*2]egregious and prejudicial as to compromise a defendant's right to a fair trial" (People v Caban, 5 NY3d 143, 152).
Here, the testimony before the grand jury established that during the execution of the search warrant, in addition to firearms and other things, a police officer seized 11 credit cards bearing the defendant's name. After seizing the credit cards, that officer notified the Grand Larceny Unit, which would ascertain whether the seized credit cards were fraudulent. Defense counsel was provided with the grand jury minutes and moved to suppress all of the physical evidence on the ground that the search warrant was not supported by probable cause, but did not contend that the credit cards were unlawfully seized as outside of the scope of the warrant. At the suppression hearing, the People failed to establish that the incriminating nature of the credit cards was immediately apparent to the police officer who seized the cards without a warrant. Thus, contrary to the determination of the Supreme Court, the evidence at the suppression hearing failed to establish that the "plain view" exception to the warrant requirement was applicable to the circumstances of this case (see Arizona v Hicks, 480 US 321, 328; People v Rodriguez, 211 AD3d 854, 858).
Additionally, in an affirmation in support of the defendant's CPL 440.10 motion, trial counsel averred that he "failed to consider that the seized credit cards were not described in the search warrant" and that he "failed to research the applicable law on exceptions to the warrant requirement." Trial counsel admitted that his subsequent failure to move to suppress the credit cards in particular was not the result of a strategic decision and that he would have so moved if he had researched the law concerning the plain view exception to the warrant requirement. Thus, by his own admission, trial counsel's failure to move for suppression of the credit cards due to their warrantless seizure cannot be characterized as a legitimate strategic decision (see People v Davis, 193 AD3d 967, 970-971).
Defense counsel's "investigation of the law, the facts, and the issues that are relevant to the case" is "[e]ssential to any representation, and to the attorney's consideration of the best course of action on behalf of the client" (People v Oliveras, 21 NY3d at 346). Since the defendant established that trial counsel "did not fully investigate the case and did not collect the type of information that a lawyer would need in order to determine the best course of action" (id. at 348), he demonstrated that he did not receive effective assistance of counsel. Thus, the Supreme Court should have granted the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction on this basis and ordered a new trial.
The defendant's remaining contentions are without merit.
In light of our determination, the defendant's appeal from the judgment of conviction has been rendered academic.
DUFFY, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court