Matter of BRG Windsor Park, LLC v New York State Div. of Hous. & Community Renewal (2025 NY Slip Op 06317)

Matter of BRG Windsor Park, LLC v New York State Div. of Hous. & Community Renewal

2025 NY Slip Op 06317

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-10514
 (Index No. 702048/23)

[*1]In the Matter of BRG Windsor Park, LLC, appellant,
v
New York State Division of Housing and Community Renewal, respondent.

Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York, NY (Paul N. Gruber and David B. Cabrera of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and Kwame N. Akosah of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal dated November 30, 2022, which denied a petition for administrative review and affirmed a determination of a Rent Administrator dated December 6, 2019, denying an application for a major capital improvement rent increase for certain work, the petitioner appeals from a judgment of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered September 22, 2023. The judgment, in effect, denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner is the owner of a building located in Flushing that contains rent-stabilized units. In December 2019, a Rent Administrator of the New York State Division of Housing and Community Renewal (hereinafter DHCR) denied the petitioner's application for a major capital improvement (hereinafter MCI) rent increase based on improvements to the windows and the intercom system. The petitioner filed a petition for administrative review (hereinafter the PAR). In a determination dated November 30, 2022, a Deputy Commissioner of DHCR denied the PAR and affirmed the Rent Administrator's determination.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review the Deputy Commissioner's determination. In a judgment entered September 22, 2023, the Supreme Court, in effect, denied the petition and dismissed the proceeding. The petitioner appeals.
On June 14, 2019, the Legislature enacted the Housing Stability and Tenant Protection Act of 2019 (HSTPA) (L 2019, ch 36), which made sweeping changes to the Rent Stabilization Law of 1969 (RSL) (Administrative Code of City of NY § 26-503) (see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 349). As amended, RSL § 26-511.1(a)(6) provides, in relevant part, that "[n]otwithstanding any other provision of law to the contrary, the division of housing and community renewal . . . shall promulgate rules and regulations applicable to all rent regulated units that shall . . . prohibit [*2]temporary major capital improvement increases for buildings with thirty-five per centum or fewer rent-regulated units" (hereinafter the 35% rule) (see L 2019, ch 36, § 1, part K). The relevant amendments to RSL § 26-511.1 were to take effect immediately and apply to all determinations issued after the effective date (see L 2019, ch 36, part K; Matter of 609 Realty LLC v New York State Div. of Hous. & Community Renewal, 231 AD3d 589, 590).
"A statute has retroactive effect if 'it would impair rights a party possessed when he [or she] acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed,' thus impacting 'substantive' rights" (Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d at 365, quoting Landgraf v USI Film Products, 511 US 244, 278, 280; see People v Babadzhanov, 204 AD3d 685, 687). "[A] statute does not operate retrospectively merely because it is applied in a case arising from conduct antedating the statute's enactment, . . . or upsets expectations based in prior law. Rather, the court must ask whether the new provision attaches new legal consequences to events completed before its enactment" (American Economy Ins. Co. v State of New York, 30 NY3d 136, 147 [internal quotation marks omitted]; see Gottwald v Sebert, 40 NY3d 240, 258). "[A] statute that affects only 'the propriety of prospective relief' or the nonsubstantive provisions governing the procedure for adjudication of a claim going forward has no potentially problematic retroactive effect even when the liability arises from past conduct" (Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d at 365, quoting Landgraf v USI Film Products, 511 US at 273; see Matter of Mia S. [Michelle C.], 212 AD3d 20, 20-21).
Here, as applied to the petitioner's MCI application, the 35% rule affected only the propriety of prospective relief and had no potentially problematic retroactive effect, since "[w]hen the HSTPA was enacted, [property owners] had no vested right in a future MCI rent increase, or in the more beneficial pre-HSTPA law or regulations" (Matter of 609 Realty LLC v New York State Div. of Hous. & Community Renewal, 231 AD3d at 590 [internal quotation marks omitted]; see Matter of IG Second Generation Partners L.P. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin., 10 NY3d 474, 482; Matter of 101 E. 16th St. Realty LLC v New York State Div. of Hous. & Community Renewal, 226 AD3d 494, 495). DHCR had a rational basis to conclude that the relevant amendments from the HSTPA should be applied when considering MCI applications, such as the petitioner's MCI application, for which there had been no determination as of the HSTPA's effective date (see Matter of 101 E. 16th St. Realty LLC v New York State Div. of Hous. & Community Renewal, 226 AD3d at 495).
The petitioner's contention that the matter should be remitted to DHCR is improperly raised for the first time on appeal and, therefore, unpreserved for appellate review (see Matter of 609 Realty LLC v New York State Div. of Hous. & Community Renewal, 231 AD3d at 590; Wilson v Bergon Constr. Corp., 219 AD3d 1380, 1383).
In light of our determination, the petitioner's remaining contentions are academic.
Accordingly, the Supreme Court properly, in effect, denied the petition and dismissed the proceeding.
DILLON, J.P., CHRISTOPHER, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court