■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLEN FIELDS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (De Lury, J.), rendered September 9, 1982, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defense counsel raised only general objections to the questions posed by the prosecutor to the investigating detective on redirect examination, even though counsel knew full well from his knowledge of the case and from the officer's prior testimony at the suppression hearing what answers would be forthcoming. Even though a sidebar discussion occasioned by the prosecutor's questions took place during the redirect examination, it was only after the witness had finished testifying that counsel moved for a mistrial, based on the improper questioning and bolstering of the People's case that had allegedly occurred on redirect. Such a belated objection is insufficient to preserve the issue for appellate review *(see, People v Love,* 57 NY2d 1023; *People v Robinson,* 36 NY2d 224, 228).

The defendant's constitutional challenge with respect to the court's refusal to charge burglary and robbery as lesser included offenses of the felony murder charges is without merit. The Supreme Court authority relied upon by the defendant pertains only to capital cases, for which special Federal constitutional safeguards have been created *(see, Beck v Alabama,* 447 US 625, 637, 638, n 14). There being no such concern implicated here, we are bound by the rule enunciated by the Court of Appeals in *People v Glover* (57 NY2d 61) and *People v Berzups* (49 NY2d 417). Mangano, J. P., Gibbons, Bracken and Spatt, JJ., concur.