■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSA OKON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (De Lury, J.), rendered January 9, 1991, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim of prosecutorial error on summation is unpreserved for appellate review since he failed to register any objection to the prosecutor's comments he now contends were erroneous (see, People v Medina, 53 NY2d 951, 953; People v Larsen, 157 AD2d 672).

The defendant's claim that the testimony of a police officer regarding his previous arrest was improperly admitted is also unpreserved for appellate review since he failed to register an objection or move for a mistrial based upon the officer's testimony until the day following the completion of his testimony and declined a curative instruction on the matter once he did move for a mistrial (see, People v Medina, supra, at 951; People v Fields, 122 AD2d 159). In any event, this testimony was stricken from the record. Further, the defendant's claim regarding the prosecutor's cross-examination of him about the facts of a previous arrest is also unpreserved for appellate review since he failed to raise any objection to it (see, People v Udzinski, 146 AD2d 245).

In light of the overwhelming evidence of the defendant's guilt, we decline to exercise our interest of justice jurisdiction to review the defendant's claims of error. The undercover officer testified that the defendant sold him two vials of what proved to be crack cocaine in exchange for $10 of prerecorded money. Upon his arrest by the back-up police officers shortly thereafter, the defendant was found with 27 additional crack cocaine vials and the prerecorded money in his possession. Rosenblatt, J. P., Miller, Ritter and Pizzuto, JJ., concur.