■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELI SINANAJ, Appellant. [739 NYS2d 392] —Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered October 4, 1996, convicting him of attempted murder in the second degree, assault in the first degree, attempted assault in the first degree, criminal use of a firearm in the first degree (two counts), criminal use of a firearm in the second degree (two counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

As a general rule, when a defendant stands accused of a felony, the indictment must be dismissed unless the People are ready for trial within six months of the commencement of the criminal action (*see,* CPL 30.30 [1] [a]). However, CPL 30.30 (4) (g) excludes periods of delay "occasioned by exceptional circumstances," and clause (i) provides that "exceptional circumstances" may include the "unavailability of evidence material to the people's case," as long as the People have exercised "due diligence" to obtain such evidence (*see generally, People v Zirpola,* 57 NY2d 706, 708). The People sufficiently established that the 16-year-old complaining witness was unavailable due to the emotional trauma caused by her brother, the defendant, who shot her in the face in an attempt to kill her (*see, People v Lashway,* 187 AD2d 747, 749; *People v Matthews,* 227 AD2d 313, 314). Thus, the entire 9½-month period was excludable as an "exceptional circumstance" under CPL 30.30 (4) (g) (i). In addition, the People's diligence in pursuing the matter and in attempting to persuade the victim to testify are apparent from the record.

The defendant's remaining contention is without merit. Krausman, J.P., Friedmann, Adams and Crane, JJ., concur.