THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NUMA HERNANDEZ, Appellant. [938 NYS2d 605]—

When a defendant is accused of a felony, the indictment must be dismissed unless the People are ready for trial within six months of the commencement of the criminal action (*see* CPL 30.30 [1] [a]; *People v Sinanaj*, 291 AD2d 513 [2002]). With respect to periods of delay that occur following the People's statement of readiness, any period of an adjournment in excess of that actually requested by the People is excluded (*see People v Carter*, 91 NY2d 795, 799 [1998]; *People v Cortes*, 80 NY2d 201, 210 [1992]; *People v Williams*, 32 AD3d 403, 404-405 [2006]; *People v Nielsen*, 306 AD2d 500, 501 [2003]; *People v Dushain*, 247 AD2d 234, 236 [1998]). The total time chargeable to the People was less than the six-month time period provided by CPL 30.30 (1) (a). Accordingly, the Supreme Court properly denied the defendant's motion to dismiss the indictment pursuant to CPL 30.30.

Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in disqualifying a sworn juror as grossly unqualified to serve on the jury, as he could not unequivocally state that he could reach a fair and impartial decision (*see* CPL 270.35; *People v Lennon*, 37 AD3d 853 [2007]; *People v Defina*, 256 AD2d 586 [1998]; *People v White*, 204 AD2d 750 [1994]; *People v Galvin*, 112 AD2d 1090 [1985]).

The Supreme Court properly admitted the tape of a telephone call to the 911 emergency number under the present sense impression exception to the hearsay rule. The time delay between the occurrence of the events and the call was not sufficient to destroy the indicia of reliability upon which this hearsay exception rests (*see People v Vasquez*, 88 NY2d 561 [1996]; *People v York*, 304 AD2d 681 [2003]; *People v Smith*, 267 AD2d 407, 408 [1999]).

The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is unpreserved for appellate review, as he did not object to the remarks at issue (*see* CPL 470.05 [2]; *People v Wright*, 90 AD3d 679 [2011]). In any event, the challenged remarks were fair comment on the evidence, permissible rhetorical comment, or responsive to defense counsel's summation, or do not warrant reversal (*see People v Galloway*, 54 NY2d 396, 401 [1981]; *People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Valerio*, 70 AD3d 869 [2010]).

"The right to effective assistance of counsel is guaranteed by the Federal and State Constitutions" (*People v Rivera*, 71 NY2d 705, 708 [1988]; *see* US Const Sixth Amend; NY Const, art I,

§ 6; *People v Collado*, 90 AD3d 672, 672 [2011]). Here, the defendant was not deprived of the effective assistance of counsel under the New York Constitution since, viewing defense counsel's performance in totality, counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Collado*, 90 AD3d at 673; *People v Vaughan*, 48 AD3d 1069, 1070 [2008], *cert denied* 555 US 910 [2008]). Further, the defendant was not deprived of the effective assistance of counsel under the Federal Constitution (*see Strickland v Washington*, 466 US 668, 688 [1984]). Dillon, J.P., Florio, Chambers and Roman, JJ., concur.