■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT YOUNG, Appellant. [975 NYS2d 885]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mullen, J.), rendered February 19, 2009, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing (Mangano, Jr., J.), of the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial.

Ordered that the judgment is affirmed.

When a defendant is accused of a felony, the indictment must be dismissed unless the People are ready for trial within six months after the commencement of the criminal action (*see* CPL 30.30 [1] [a]; *People v Hernandez*, 92 AD3d 802, 803 [2012]). With respect to periods of delay that occur following

the People's statement of readiness, any period of an adjournment in excess of that actually requested by the People is excluded (*see People v Carter*, 91 NY2d 795, 799 [1998]; *People v Cortes*, 80 NY2d 201, 210 [1992]; *People v Hernandez*, 92 AD3d at 803). Here, the total time chargeable to the People was less than the six-month time period provided by CPL 30.30 (1) (a). Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPL 30.30 to dismiss the indictment. Skelos, J.P., Dickerson, Hall and Miller, JJ., concur.