People v Jeffriesel (2022 NY Slip Op 06012)

People v Jeffriesel

2022 NY Slip Op 06012

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-06354
 (Ind. No. 1085/19)

[*1]The People of the State of New York, respondent,
v
Tasnim Jeffriesel, appellant.

Richard L. Herzfeld, New York, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Meaghan Powers, Marion Tang, and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered July 28, 2020, convicting her of criminal possession of stolen property in the fourth degree (six counts) and grand larceny in the fourth degree (five counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for resentencing before a different Judge.
The defendant's specific contention that she was deprived of her constitutional right to present a complete defense by the County Court's failure to hold a Molineux hearing (see People v Molineux, 168 NY 264), for the purpose of determining the extent to which the People would be permitted to cross-examine her with evidence that she committed prior similar crimes to rebut a possible defense of duress, should she choose to testify in support of such a defense, is unpreserved for appellate review (see CPL 470.05[2]; People v Bernard, 203 AD3d 945; People v Davis, 203 AD3d 740). In any event, this contention is without merit. Where a defendant raises the defense of duress, the People are "permitted to rebut [the] defense with evidence of [the defendant's] criminal disposition or inconsistent intent" (People v Maldonado, 5 AD3d 505, 506), which evidence may include proof of another crime (see People v Calvano, 30 NY2d 199, 205). Here, the People outlined the rebuttal evidence that was available to them should the defendant testify in support of a duress defense, and the defendant has not established that she was prejudiced by the court's determination to reserve decision on the remainder of her application (see e.g. People v Huertas, 38 NY3d 1129, 1130). To the extent the defendant argues that the court also erred in failing to hold a Sandoval hearing (see People v Sandoval, 34 NY2d 371), the record reveals that a pretrial Sandoval hearing was in fact held.
The defendant contends that she was deprived of a fair trial by the admission of certain testimony of a detective that was elicited by her counsel on cross-examination. The defendant contends that the testimony included additional statements made by her that the County Court had previously determined were not admissible on the People's direct case, and that the additional statements were detrimental to a potential duress defense. The court had determined that [*2]the additional statements were not admissible since, although the voluntariness of the additional statements was undisputed, they had not been properly noticed. The defendant's contention is unpreserved for appellate review as no timely objection to the testimony was made, and it was only after the detective had finished testifying on redirect that defense counsel moved for a mistrial based on this testimony (see CPL 470.05[2]; People v Campbell, 126 AD2d 658; People v Fields, 122 AD2d 159). Further, contrary to the defendant's contention, her motion for a mistrial based on this testimony was properly denied (see People v Melendez, 55 NY2d 445, 449; People v Alston, 27 AD3d 1141; People v Soto, 167 AD2d 302, 303).
The defendant's contention that she was deprived of the effective assistance of counsel by defense counsel's elicitation of the complained-of testimony from the detective and failure to timely object to this testimony is also without merit. To prevail on a claim of ineffective assistance of counsel, "'it is incumbent on [the] defendant to demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" (People v Benevento, 91 NY2d 708, 712, quoting People v Rivera, 71 NY2d 705, 709). "Absent such a showing, it will be presumed that counsel acted in a competent manner and exercised professional judgment" (People v Rivera, 71 NY2d at 709; see People v Taylor, 1 NY3d 174, 177). Here, the record reflects that defense counsel asked the questions which elicited the challenged testimony in an attempt to establish a duress defense and to open the door for her to introduce evidence which the County Court had previously ruled inadmissible. The defendant failed to demonstrate the absence of strategic or other legitimate explanations for her counsel's alleged shortcomings (see People v Benjamin, 188 AD3d 715, 716; People v Johnson, 152 AD3d 620, 621; cf. People v McCray, 140 AD3d 794, 796). Moreover, defense counsel was not ineffective for failing to advance an argument that had little or no chance of success under the circumstances (see People v Ennis, 11 NY3d 403, 415).
The defendant's contention that she was penalized for exercising her right to a jury trial when she received a sentence greater than the sentence offered as part of a pretrial plea offer which she refused is unpreserved for appellate review since she did not raise this contention at the sentencing hearing (see People v Ellerbee, 203 AD3d 1068; People v Evans, 16 AD3d 595, 596). In any event, the record reveals no retaliation or vindictiveness against the defendant for electing to proceed to trial (see People v Robinson, 195 AD3d 950; People v Matthews, 195 AD3d 864). However, certain remarks made by the County Court demonstrate that, in imposing sentence, it improperly speculated and considered that the defendant had committed additional similar crimes for which she had not been apprehended. Consequently, the defendant must be resentenced (see People v Francis, 100 AD3d 1017, 1017; People v Wilson, 303 AD2d 773). In light of our determination vacating the sentence imposed, the defendant's alternative challenge to her sentence on the ground of excessiveness has been rendered academic.
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
DUFFY, J.P., CHRISTOPHER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court