People v Hill (2023 NY Slip Op 04456)

People v Hill

2023 NY Slip Op 04456

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2019-05581
 (Ind. No. 2916/17)

[*1]The People of the State of New York, respondent,
v
Juwuan Hill, appellant.

Patricia Pazner, New York, NY (White & Case LLP [Damien Nyer, Sandra Redivo, and Nicholas J. Reem], of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Sawyer White of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Joanne Quinones, J.), rendered January 2, 2019, convicting him of criminal possession of a forged instrument in the second degree (eight counts), unlawful possession of a skimmer device in the second degree (two counts), criminal possession of a forged instrument in the third degree, and unauthorized use of a motor vehicle in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Deborah A. Dowling, J.), of that branch of the defendant's motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The defendant was charged with, inter alia, criminal possession of a forged instrument in the second and third degrees, unlawful possession of a skimmer device in the second degree, and unauthorized use of a motor vehicle in the third degree, based on traffic stops that occurred on February 24, 2017, and April 12, 2017.
At a suppression hearing, Officer Stephanie Perez testified that on February 24, 2017, she and a sergeant were patrolling in a vehicle when they observed a black Ford Fusion driven by the defendant make a turn without first engaging a turn signal. After Officer Perez stopped the defendant's vehicle, the defendant told Officer Perez that he did not have a driver license. While standing approximately one foot from the defendant's vehicle, Officer Perez detected the odor of marijuana emanating from the vehicle. Thereafter, Officer Perez asked the defendant and the other [*2]occupants to exit the vehicle, and she searched the vehicle. Officer Perez recovered, inter alia, a skimmer device from the glove compartment.
Officer John Lewis testified during the suppression hearing that he and another officer were patrolling in a vehicle on April 12, 2017, when they observed a red Hyundai Sonata stopped and idling directly in front of a fire hydrant. After activating the emergency lights on his vehicle, Officer Lewis approached the idling vehicle, observed the defendant seated in the driver's seat holding a lit marijuana cigarette, and detected a strong odor of marijuana. When Officer Lewis asked the defendant for his driver license and registration, the defendant stated, inter alia, that he did not have a driver license. The defendant was arrested at the scene. Officer Lewis testified that he conducted an inventory search of the vehicle at the precinct station house, during which fraudulent credit cards, a fraudulent Pennsylvania driver license, and a skimmer device were found in the trunk.
After the suppression hearing, the Supreme Court denied that branch of the defendant's motion which was to suppress the physical evidence recovered on February 24, 2017, and April 12, 2017. Following a jury trial, the defendant was convicted of eight counts of criminal possession of a forged instrument in the second degree, two counts of unlawful possession of a skimmer device in the second degree, criminal possession of a forged instrument in the third degree, and unauthorized use of a motor vehicle in the third degree.
"On a motion to suppress physical evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance. Once the People have met their initial burden, the defendant bears the ultimate burden of proving the illegality of the search and seizure" (People v Rowe, 189 AD3d 894, 895 [internal quotation marks omitted]; see People v Berrios, 28 NY2d 361, 367). "The credibility determinations of a hearing court following a suppression hearing are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (People v Anderson, 208 AD3d 507, 508 [internal quotation marks omitted]; see People v Noble, 211 AD3d 970, 971).
Here, the People met their burden of establishing the validity of the search conducted on February 24, 2017, through the credible testimony of Officer Perez. Officer Perez's stop of the defendant's vehicle was reasonable based upon her probable cause to believe that the driver had violated Vehicle and Traffic Law § 1163 by turning without signaling (see People v Noble, 211 AD3d at 971; People v Watson, 163 AD3d 855, 856). Moreover, in light of the defendant's admission that he did not have a valid driver license and Officer Perez's detection of the odor of marijuana emanating from the defendant's vehicle, she had probable cause to search the vehicle (see People v Rodriguez, 211 AD3d 854, 857; People v Williams, 208 AD3d 899, 901). Contrary to the defendant's contention, while Penal Law § 222.05(3), which became effective on March 31, 2021, provides that in "any criminal proceeding," including suppression hearings, no finding of probable cause shall be based solely on evidence of the odor of cannabis, that statute does not apply retroactively (see People v Rodriguez, 211 AD3d at 856-857; People v Babadzhanov, 204 AD3d 685, 686-687) and is, therefore, inapplicable here.
The People also met their burden of establishing the validity of the inventory search conducted on April 12, 2017, through evidence that Officer Lewis properly conducted the search pursuant to established police procedures (see People v Gomez, 13 NY3d 6, 11; People v Noble, 211 AD3d at 972).
Therefore, the Supreme Court properly denied that branch of the defendant's motion which was to suppress the physical evidence recovered on February 24, 2017, and April 12, 2017.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in sua sponte dismissing a prospective juror since the juror's responses to the court's own questions revealed that he was unqualified to serve (see People v Guay, 18 NY3d 16, 22; People v Zamora, 243 AD2d 746, 747).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of two counts unlawful possession of a skimmer device in the second degree beyond a reasonable doubt (Penal Law § 190.85). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's challenge to the propriety of the prosecutor's comments during summation is partially unpreserved for appellate review, and, in any event, the prosecutor's comments did not deprive the defendant of a fair trial (see People v Ashwal, 39 NY2d 105, 109-111; People v Gurdon, 153 AD3d 1430, 1430).
DILLON, J.P., BRATHWAITE NELSON, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court