People v Neustadt (2023 NY Slip Op 05519)

People v Neustadt

2023 NY Slip Op 05519

Decided on November 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-00955
 (Ind. No. 3345/19)

[*1]The People of the State of New York, respondent,
v
Moshe Neustadt, appellant.

Barket Epstein Kearon Aldea & LoTurco, LLP, Garden City, NY (Donna Aldea and Michael Keller of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Evan Esswein of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered January 31, 2022, convicting him of course of sexual conduct against a child in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new trial.
The defendant was convicted of the crime of course of sexual conduct against a child in the first degree after a trial.
When a defendant is accused of a felony, the indictment must be dismissed unless the People are ready for trial within six months after the commencement of the criminal action (see CPL 30.30[1][a]; People v Young, 110 AD3d 1107, 1107-1108). With respect to periods of delay that occur following the People's statement of readiness, any period of an adjournment in excess of that actually requested by the People is excluded (see People v Carter, 91 NY2d 795, 799; People v Cortes, 80 NY2d 201; People v Young, 110 AD3d at 1107-1108). Here, the total time chargeable to the People was less than the six-month time period provided by CPL 30.30(1)(a). Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPL 30.30 to dismiss the indictment.
The Supreme Court did not err in permitting the People to call an expert witness in the field of child psychology and child sex abuse, notwithstanding any alleged delay in the People's disclosure of the contents of the witness's testimony, as the defendant failed to establish that he was prejudiced by the alleged delay (see People v Elmore, 211 AD3d 1536, 1538; People v Kemp, 176 AD3d 481; People v Heller, 190 AD2d 751).
However, the Supreme Court improperly precluded the defendant from calling a rebuttal witness. The right to present a defense is a fundamental element of due process of law (see Washington v Texas, 388 US 14; People v Gibian, 76 AD3d 583), and, in the instant case, calling a rebuttal expert to testify was central to the defense case. Moreover, there is no evidence that the [*2]People were prejudiced by the timing of the notice or that the delay was willfully motivated, inasmuch as the content of the People's expert testimony was disclosed approximately one week prior. Therefore, the court improperly precluded the defendant from calling the rebuttal expert to testify. Because the defendant was deprived of a fair trial by this error, reversal is required (see US Const 6th, 14th Amends; People v Crimmins, 36 NY2d 230, 237-238).
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., GENOVESI, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court