People v Clements (2023 NY Slip Op 06147)

People v Clements

2023 NY Slip Op 06147

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2020-07793
 (Ind. No. 1698/17)

[*1]The People of the State of New York, respondent,
v
Matthew Clements, appellant.

Joseph F. DeFelice, Kew Gardens, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Sarah S. Rabinowitz and Cristin N. Connell of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Howard E. Sturim, J.), rendered September 23, 2020, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (four counts), unlawful possession of marihuana, and violations of Vehicle and Traffic Law §§ 1128 and 1220, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions (William J. O'Brien, J.), of the suppression of physical evidence.
ORDERED that the appeal from so much of the judgment as convicted the defendant of unlawful possession of marihuana is dismissed as academic; and it is further,
ORDERED that the judgment is affirmed insofar as reviewed.
The defendant's conviction of unlawful possession of marihuana became a nullity by operation of law, independently of any appeal, and without requiring any action by this Court (see CPL 160.50[5]; People v Carlton, 218 AD3d 790, 792; People v Hay, 207 AD3d 748, 749). Consequently, the appeal from so much of the judgment as convicted the defendant of unlawful possession of marihuana must be dismissed as academic (see People v Carlton, 218 AD3d at 792).
After a jury trial, the defendant was convicted of criminal possession of a weapon in the second degree, four counts of criminal possession of a weapon in the third degree, unlawful possession of marihuana, and violations of Vehicle and Traffic Law §§ 1128(a) and 1220, arising out of a traffic stop.
At a suppression hearing, a New York State Trooper testified that he and his partner were patrolling the Southern State Parkway in a marked patrol vehicle when he observed the driver of a white Chrysler sedan throw what appeared to be a lit cigarette out of the window, and that the troopers followed the vehicle and observed the driver crossing onto the "fog" line on the shoulder of the parkway. The trooper testified that they then stopped the defendant's vehicle. The trooper also testified that he was standing at the driver's side of the defendant's vehicle when he observed a clear bag of marihuana approximately the size of a "shirt pocket" on the front passenger seat and an open [*2]bottle of liquor on the rear passenger seat. The trooper testified that he had completed training to detect the smell of marihuana, and had been involved in numerous marihuana investigations throughout his career, and detected the odor of marihuana emanating from the vehicle. The trooper testified that he asked the defendant to exit the vehicle and, after conducting a field sobriety test, directed the defendant to wait at the front of the vehicle with his partner. The trooper testified that he then searched the interior of the vehicle as well as the trunk, and found two unloaded firearms in a shoe box in the trunk. The trooper testified that, after the defendant was formally placed under arrest, he continued to search the trunk, where he found a loaded firearm inside a closed duffel bag.
After the suppression hearing, the Supreme Court, inter alia, denied suppression of the weapons recovered from the trunk. The court also denied the defendant's subsequent motion to reopen the suppression hearing (see CPL 710.40[4]).
"On a motion to suppress physical evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance. Once the People have met their initial burden, the defendant bears the ultimate burden of proving the illegality of the search and seizure" (People v Hill, 219 AD3d 953, 954 [internal quotation marks omitted]). "The credibility determinations of a hearing court following a suppression hearing are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (id. at 954 [internal quotation marks omitted]).
"Pursuant to the automobile exception to the warrant requirement, a warrantless search of a vehicle is permitted when the police have probable cause to believe the vehicle contains contraband, a weapon, or evidence of a crime" (People v Crum, 219 AD3d 625, 626 [internal quotation marks omitted]; see People v Blasich, 73 NY2d 673, 678-679). "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search" (United States v Ross, 456 US 798, 825; see People v Blasich, 73 NY2d at 678).
As the law existed at the time of the subject traffic stop in 2017, the odor of marihuana emanating from a vehicle, when detected by an officer qualified by training and experience to recognize it, was alone sufficient to constitute probable cause to search the vehicle (see People v Potter, 208 AD3d 802, 804; People v Henderson, 197 AD3d 663, 664). Here, given the trooper's detection of the odor of marihuana, coupled with his visual observation of a bag of marihuana on the front passenger seat approximately the size of a "shirt pocket," the trooper had probable cause to believe that additional marihuana might be located elsewhere in the vehicle (see People v Blasich, 73 NY2d at 680; People v Ellis, 62 NY2d 393, 398). Thus, the record here established that the trooper had probable cause to search the entire vehicle, including the trunk and the closed containers within it, for the presence of marihuana (see People v Babadzhanov, 204 AD3d 685, 686-687; People v Mosquito, 197 AD3d 504). In exercising our own factual review power, we find that there is no basis to disturb the Supreme Court's credibility determinations (see People v Henderson, 197 AD3d at 665; People v Moore, 166 AD3d 654, 654). Accordingly, contrary to the defendant's contention, the court properly denied suppression of the three firearms recovered from the trunk of the defendant's vehicle.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his motion to reopen the suppression hearing. The defendant failed to demonstrate that the new facts he proffered in support of the motion were likely to affect the original determination (see CPL 710.40[4]; People v Clark, 88 NY2d 552, 555; People v Fuentes, 53 NY2d 892, 894).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the second degree and four counts of criminal possession of a weapon in the third degree beyond a reasonable doubt (Penal Law §§ 265.03[3]; 265.02[1], [5][i]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great [*3]deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's remaining contention is without merit.
DUFFY, J.P., FORD, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court