People v Nivol (2024 NY Slip Op 01201)

People v Nivol

2024 NY Slip Op 01201

Decided on March 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2019-00401
 (Ind. No. 1445/18)

[*1]The People of the State of New York, respondent, 
v
Kukla Nivol, appellant.

Patricia Pazner, New York, NY (Sarah B. Cohen of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Andrew Zane Wu of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Charles S. Lopresto, J.), rendered December 4, 2018, convicting her of assault in the third degree and harassment in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that the Supreme Court erred in denying her motion pursuant to CPL 30.30 to dismiss the indictment on the ground that she was deprived of her statutory right to a speedy trial. When a defendant is accused of a felony, the indictment must be dismissed unless the People are ready for trial within six months after the commencement of the criminal action (see CPL 30.30[1][a]; People v Neustadt, 221 AD3d 618, 618; People v Perkins, 175 AD3d 1327, 1327). Where, as here, "the defendant has shown the existence of a delay greater than six months, the burden of proving that certain periods within that time should be excluded falls upon the People" (People v Perkins, 175 AD3d at 1327 [internal quotation marks omitted]; see People ex rel. Ferro v Brann, 197 AD3d 787, 787). "Excludable periods include, inter alia, reasonable periods of delay resulting from other proceedings concerning the defendant, such as pretrial motions" (People v Murray, 154 AD3d 881, 882; see CPL 30.30[4][a]).
Under the particular circumstances of this case, the People demonstrated that their 12-day delay in submitting their response to the defendant's omnibus motion was properly excluded. Since, notwithstanding that delay, the Supreme Court rendered its decision on the motion in accordance with the motion schedule it had previously set, the People's late response "cannot be said to have caused any delay whatsoever in the progress of the case" (People v Beasley, 69 AD3d 741, 743). Accordingly, the court correctly determined that the total time chargeable to the People was less than the six-month time period provided by CPL 30.30(1)(a), thereby requiring denial of the defendant's motion to dismiss the indictment.
The defendant's Batson challenge (see Batson v Kentucky, 476 US 79) was also properly denied. The prosecutor offered a race-neutral explanation for the contested peremptory challenge of a prospective juror-to wit, that a family member of the prospective juror had been convicted of a theft crime, which was similar to crimes charged against the defendant. The defendant failed to satisfy her ultimate burden of demonstrating, under the third step of the Batson [*2]analysis, that this explanation was a pretext for race discrimination (see People v Carlton, 218 AD3d 790, 791; People v Johnson, 171 AD3d 1089, 1090; see generally People v Allen, 86 NY2d 101, 110). While the defendant argues on appeal that pretext was shown by the prosecutor's subsequent failure to strike similarly situated jurors, the defendant did not renew her Batson challenge on that basis and provide the People an opportunity to address the claim (see People v Carlton, 218 AD3d at 791).
IANNACCI, J.P., MALTESE, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court