People v Wilson (2024 NY Slip Op 06567)

People v Wilson

2024 NY Slip Op 06567

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2018-14327
 (Ind. No. 944/17)

[*1]The People of the State of New York, respondent,
v
Barry Wilson, appellant.

Patricia Pazner, New York, NY (Sam Feldman of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Joseph M. DiPietro of counsel; Gianna Gambino on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry Kron, J.), rendered November 1, 2018, convicting him of criminal sale of marihuana in the fourth degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which she moves for leave to withdraw as counsel for the appellant.
ORDERED that the appeal is dismissed as academic.
We are satisfied with the sufficiency of the brief filed by the defendant's assigned counsel pursuant to Anders v California (386 US 738), and, upon an independent review of the record, we conclude that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is, therefore, granted (see id.; People v Giese, 221 AD3d 912; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252).
Moreover, when the Marihuana Regulation and Taxation Act was enacted in March 2021, the defendant's conviction of criminal sale of marihuana in the fourth degree (Penal Law former § 221.40) became a nullity by operation of law, independently of any appeal, and without requiring any action by this Court (see CPL 160.50[5]; People v Clements, 221 AD3d 1023, 1024; People v Carlton, 218 AD3d 790, 792). Consequently, the appeal must be dismissed as academic (see People v Carlton, 218 AD3d at 792).
BARROS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court