People v Ferdinand (2025 NY Slip Op 03733)

People v Ferdinand

2025 NY Slip Op 03733

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
PHILLIP HOM, JJ.

2021-04132
 (Ind. No. 472/20)

[*1]The People of the State of New York, respondent,
v
Marc Ferdinand, appellant.

Patricia Pazner, New York, NY (Tina Peng, Alexa Askari, and Joshua M. Levine of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Sholom J. Twersky of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heidi C. Cesare, J.), rendered May 28, 2021, convicting him of criminal possession of a weapon in the second degree and aggravated unlicensed operation of a motor vehicle in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant was charged, inter alia, with criminal possession of a weapon in the second degree after police officers stopped a vehicle he was driving based on the vehicle's excessive window tinting. The defendant moved, among other things, to suppress physical evidence recovered from his person and his statements to law enforcement officials subsequent to the traffic stop. After a suppression hearing, the Supreme Court denied those branches of the omnibus motion.
"As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred" (People v McLeod, 235 AD3d 999, 1000 [internal quotation marks omitted]; see People v Nektalov, 42 NY3d 363, 367). "On a motion to suppress physical evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance. Once the People have met their initial burden, the defendant bears the ultimate burden of proving the illegality of the search and seizure" (People v Hill, 219 AD3d 953, 954 [internal quotation marks omitted]; see People v Clements, 221 AD3d 1023, 1024-1025). "The credibility determinations of a hearing court following a suppression hearing are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (People v Hill, 219 AD3d at 954 [internal quotation marks omitted]; see People v Clements, 221 AD3d at 1025).
Vehicle and Traffic Law § 375 (12-a)(b) generally provides that "[n]o person shall operate any motor vehicle upon any public highway, road or street" with windows which have a light transmittance of less than 70% (see People v Nektalov, 42 NY3d at 366-367). "The relevant [*2]question for a suppression court in determining whether law enforcement had probable cause is whether the officer who stopped the car reasonably believed the windows to be over-tinted in violation of the Vehicle and Traffic Law" (id. at 367 [internal quotation marks omitted]).
Here, the testimony of Officer Galati at the suppression hearing provided a sufficient factual basis for the traffic stop. Among other things, he testified that, prior to stopping the subject vehicle, he observed that the vehicle's windows were "so dark that [he] was unable to see inside of that vehicle" (see People v Biggs, 208 AD3d 1340, 1343-1344; cf. People v Nektalov, 42 NY3d at 367). There is no support for the defendant's contention that Officer Galati's testimony was incredible, patently tailored to nullify constitutional objections, or otherwise unworthy of belief (see People v Knight, 205 AD3d 928, 929; cf. People v Maiwandi, 170 AD3d 750, 751-752). Accordingly, the Supreme Court properly denied those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials as the fruit of an unlawful traffic stop.
The defendant's contention that the count of the indictment charging him with criminal possession of a weapon in the second degree and the lesser included offense of criminal possession of a firearm are unconstitutional, in light of the decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1), is unpreserved for appellate review, since he did not raise a constitutional challenge before the Supreme Court (see People v Cabrera, 41 NY3d 35, 42; People v Robb, 233 AD3d 805, 806; People v Manners, 217 AD3d 683, 685). In any event, the Bruen decision "had no impact on the constitutionality of New York State's criminal possession of a weapon statutes" (People v Robb, 233 AD3d at 806; People v Manners, 217 AD3d at 686).
The defendant's contention that he was deprived of the effective assistance of counsel is without merit. The evidence, the law, and the circumstances of this particular case, viewed in totality, reveal that defense counsel provided meaningful representation, and was not ineffective for failing to request a voluntary surrender jury charge (see People v Debellis, 40 NY3d 431, 433-437; People v Jeffriesel, 209 AD3d 1034, 1036; People v Rose, 307 AD2d 270, 271).
Further, the period of postrelease supervision imposed as part of the sentence was not excessive (see People v Sanchez, 221 AD3d 734, 734).
The defendant's remaining contention, regarding the Supreme Court's response to a particular jury note, is unpreserved for appellate review and, in any event, without merit.
MILLER, J.P., DOWLING, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court