People v Erber (2025 NY Slip Op 06330)

People v Erber

2025 NY Slip Op 06330

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
DEBORAH A. DOWLING
PHILLIP HOM
SUSAN QUIRK, JJ.

2020-02851
 (Ind. No. 4791/18)

[*1]The People of the State of New York, respondent,
v
Michael Erber, appellant.

Twyla Carter, New York, NY (Paul Wiener of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Paul B. Lyons and Margaret A. Cieprisz of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Donald Leo, J.), rendered February 6, 2020, convicting him of grand larceny in the second degree, grand larceny in the third degree (four counts), and scheme to defraud in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of grand larceny in the second degree, four counts of grand larceny in the third degree, and scheme to defraud in the first degree arising out of a rental scheme in which the defendant accepted rent monies from not-for-profit organizations for temporary military veteran housing that was purported to be permanent, fraudulently secured over $3,000 from each of four not-for-profit organizations for this purpose, and fraudulently secured $200,000 from an individual as a purported investment in his real estate scheme.
The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644).
The defendant's contention that the evidence before the grand jury was legally insufficient to indict him for grand larceny in the second degree is not reviewable on this appeal because the defendant's guilt of this crime was proven beyond a reasonable doubt at trial (see CPL 210.30[6]; People v Hengjun Chao, 217 AD3d 777, 778).
The defendant's contention that he was deprived of the effective assistance of counsel [*2]is without merit (see Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708, 713). Counsel cannot be deemed ineffective for failing to advance an argument that had "little or no chance of success" (People v Stultz, 2 NY3d 277, 287; see People v Caban, 5 NY3d 143, 152).
The defendant's contention that testimonial and documentary evidence of certain allegations made against a complainant was not admissible is unpreserved for appellate review, as no timely objection to the evidence was made (see CPL 470.05[2]; People v Jeffriesel, 209 AD3d 1034, 1036). In any event, the defendant's contention is without merit, as "[w]hatever prejudicial effect the evidence in question may have had on the defendant was substantially outweighed by its probative value" (People v Louis, 192 AD2d 558, 559). Moreover, any error in admitting such evidence was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to his convictions (see People v Crimmins, 36 NY2d 230, 241-242).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
DUFFY, J.P., DOWLING, HOM and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court