People v Pope (2026 NY Slip Op 01804)

People v Pope

2026 NY Slip Op 01804

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2010-11155
 (Ind. No. 11840/08)

[*1]The People of the State of New York, respondent,
vBrian Pope, appellant.

Hegge & Confusione, LLC, New York, NY (Michael Confusione of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Julian Joiris of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Michael A. Gary, J.), rendered November 12, 2010, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress identification evidence. The evidence adduced at the Wade hearing (see United States v Wade, 388 US 218) established that the pretrial identification procedures were not unduly suggestive (see People v Tyme, 222 AD3d 783, 783-784; People v Bell, 188 AD3d 904, 905-906; People v Hodges, 155 AD3d 767, 767-768). To the extent that the defendant contends that the identification witnesses' viewing of surveillance video constituted an identification procedure, that contention is without merit (see People v Gee, 99 NY2d 158, 162).
The defendant's challenge to the legal sufficiency of the evidence purporting to establish his identity as the shooter at trial is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the testimony of certain detectives regarding their [*2]interactions with a non-testifying witness violated the defendant's rights under the Confrontation Clause of the Sixth Amendment of the United States Constitution (see Crawford v Washington, 541 US 36) is unpreserved for appellate review. In any event, the defendant's contention is without merit. The testimony was properly admitted for the relevant, nonhearsay purpose of "establishing the reasons behind the [detectives'] actions, and to complete the narrative of events leading to the defendant's arrest" (People v Montello, 197 AD3d 575, 577 [internal quotation marks omitted]; People v Ragsdale, 68 AD3d 897, 898).
Contrary to the defendant's contention, the opinion of a medical examiner, based upon, inter alia, her review of autopsy photographs, that the victim's cause of death was primarily due to a bullet wound to the brain, was properly admitted into evidence (see People v Ortega, 40 NY3d 463, 477; People v Rivers, 225 AD3d 899, 901-902). Although other parts of the medical examiner's testimony regarding the autopsy, which she did not perform or observe being performed, as well the admission of the autopsy report, violated the defendant's constitutional right to confront witnesses against him, those errors were harmless beyond a reasonable doubt (see People v Copeland, 229 AD3d 564, 565). The autopsy report and the medical examiner's testimony had little to no bearing on the defendant's defense, which was predicated on mistaken identity (see People v Ortega, 40 NY3d at 479; People v Zephir, 212 AD3d 738, 739).
To the extent that the Supreme Court improvidently exercised its discretion in permitting a witness to make a first-time in-court identification of the defendant (see People v Perdue, 41 NY3d 245, 250-252), under the circumstances, such error was harmless beyond a reasonable doubt (see id. at 253; People v Patterson, 240 AD3d 521, 523).
The defendant's contention that the Supreme Court erred in declining to rule on his request for a missing witness charge is unpreserved for appellate review (see People v Graves, 85 NY2d 1024, 1027; People v Forte, 70 AD3d 963, 964). When the defendant first requested the charge, the court reserved decision pending the presentation of testimony that the witness was not available to testify for the People. The defendant never renewed his application despite having the opportunity to do so. In any event, the defendant's contention is without merit. The People demonstrated that the witness was not available to testify at trial (see People v Devane, 242 AD3d 764, 765; People v Williams, 195 AD3d 1050, 1051). Moreover, defense counsel was permitted to comment during summation on the People's failure to call the witness in question (see People v Ward, 242 AD3d 775, 777; People v Grant, 170 AD3d 888, 890).
The defendant's contention that he was deprived of a fair trial by a particular remark made by the prosecutor during summation is without merit. The challenged remark was responsive to arguments made in defense counsel's summation (see People v Rodriguez, 242 AD3d 1124, 1125; People v Manning, 239 AD3d 887, 889) and constituted fair comment on the evidence (see People v Ashwal, 39 NY2d 105, 109; People v Spencer, 244 AD3d 1254, 1255). To the extent that the challenged remark was improper, it was not so egregious as to deprive the defendant of a fair trial (see People v Spencer, 244 AD3d at 1255; People v Rodriguez, 242 AD3d 1125).
Although the Supreme Court erred in failing to give an expanded jury charge on cross-racial identification (see People v Boone, 30 NY3d 521, 526, 537), under the circumstances of this case, the error was harmless, as there was overwhelming evidence of the defendant's guilt, including establishing his identity as the shooter, and no significant probability that the defendant would have been acquitted if not for the error (see People v Crimmins, 36 NY2d 230, 241-242; People v Washington, 180 AD3d 1079, 1080).
The defendant's contention that he was deprived of a fair trial because a witness was allowed to give false testimony is unpreserved for appellate review and, in any event, without merit (CPL 470.05[2]; People v Battles, 65 AD3d 1161, 1162, mod 16 NY3d 54).
Contrary to the defendant's contention, the cumulative effect of the above errors did not deprive the defendant of a fair trial (see People v Rahman, 189 AD3d 1616, 1617).
Furthermore, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
Accordingly, we affirm the judgment.
DILLON, J.P., DOWLING, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court