People v Owens
2026 NY Slip Op 02852
May 6, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Corey M. Owens, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 6, 2026
2022-07827, (Ind. No. 70142/22)
Hector D. Lasalle, P.J.
Cheryl E. Chambers
Janice A. Taylor
Phillip Hom, JJ.

Samuel Coe, White Plains, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass of counsel), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig S. Brown, J.), rendered September 8, 2022, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The defendant contends that his stop and frisk was not supported by reasonable suspicion, and thus, the physical evidence obtained should have been suppressed as the unlawful fruits of that stop. On a motion to suppress physical evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance (see People v Staley, 239 AD3d 893, 894; People v Hill, 219 AD3d 953, 954). Once the People have met their initial burden, the defendant bears the ultimate burden of proving the illegality of the search and seizure (see People v Staley, 239 AD3d at 894; People v Hill, 219 AD3d at 954). The factual findings and credibility determinations of the hearing court are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record (see People v Greenland, 243 AD3d 587, 587; People v Staley, 239 AD3d at 894).
"'Reasonable suspicion' is the 'quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at hand'" (People v James, 166 AD3d 1011, 1012, quoting People v Cantor, 36 NY2d 106, 112-113; see People v Bowers, 148 AD3d 1042, 1043). "'[R]esolution of the issue of whether the police officers possessed reasonable suspicion requires evaluation of the totality of the circumstances'" (People v Richardson, 219 AD3d 637, 638, quoting People v Loper, 115 AD3d 875, 879). "Where an anonymous phone tip giving a general description and location of a man with a gun is the sole predicate, it will generate only a belief that criminal activity is afoot, and will not of itself constitute reasonable suspicion thereby warranting a stop and frisk of anyone who happens to fit that description" (People v Muhammad, 231 AD3d 868, 869 [alteration and internal quotation marks omitted]; see People v Stewart, 41 NY2d 65, 69). "However, there are situations in which an [*2]anonymous tip, suitably corroborated, exhibits sufficient indicia of reliability to provide reasonable suspicion to make the investigatory stop" (People v Bailey, 164 AD3d 815, 818 [internal quotation marks omitted]; see Florida v J.L., 529 US 266, 270; People v Floyd, 171 AD3d 787, 789). "Further, reasonable suspicion 'requires that a tip be reliable in its assertion of illegality, not just in its tendency to identify a determinate person'" (People v Bailey, 164 AD3d at 818, quoting Florida v J.L., 529 US at 272). "Generally, a police officer has reasonable suspicion to stop and detain an individual where the individual matches the description of a perpetrator's appearance and is located close to the crime scene, both temporally and geographically" (People v James, 166 AD3d at 1012; see People v Richardson, 219 AD3d at 638).
Here, in light of the evidence demonstrating that the defendant matched the general description of the perpetrator, who had brandished a firearm, which was broadcast over the police radio, along with the defendant's temporal and spatial proximity to the scene of that incident, the police had reasonable suspicion to stop and detain the defendant (see People v Richardson, 219 AD3d at 638; People v Dunbar, 188 AD3d 1247, 1248). Further, the defendant abandoned a jacket in which the police found a loaded firearm (see People v Whitfield, 186 AD3d 1414, 1415; People v Hogya, 80 AD2d 621, 621). Accordingly, the County Court properly denied that branch of the defendant's motion which was to suppress physical evidence.
Contrary to the defendant's contention, the testimony of police officers regarding statements made by the complaining witness seeking emergency assistance did not violate the defendant's rights under the Confrontation Clause of the Sixth Amendment of the United States Constitution (see US Const Sixth Amend; Crawford v Washington, 541 US 36). The testimony was properly admitted for the relevant, nonhearsay purpose of establishing the reasons behind the officers' actions and to complete the narrative of events leading to the defendant's arrest (see People v Pope, ___ AD3d ___, 2026 NY Slip Op 01804; People v Montello, 197 AD3d 575, 577).
The defendant's contention that he was deprived of the effective assistance of counsel is without merit. Under both the state and federal standards for ineffective assistance of counsel, there can be no denial of effective assistance arising from counsel's failure to make a motion or argument that has little or no chance of success (see People v Lewis, 215 AD3d 982, 983; People v McKinnon, 186 AD3d 1533, 1533).
The defendant's sentence was not excessive (see People v Suitte, 90 AD2d 80).
LASALLE, P.J., CHAMBERS, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court